551 A.2d 389

USX Corporation, Formerly known as United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

. Argued May 26, 1988, before Judges DOYLE, PALLADINO and McGINLEY, sitting as a panel of three.

*Elizabeth L. Peters,* with her, *J. T. Carney* and *Paul A. Robb,* for petitioner.

*John Stember, Neighborhood Legal Services Association,* for intervenors.

OPINION BY JUDGE DOYLE, December 13, 1988:

Before us are consolidated appeals by the USX Corporation, formerly known as the United States Steel Corporation, (USX), from orders of the Unemployment Compensation Board of Review (Board) granting Joseph P. Nestico, Ronald W. Lee, Warren A. Rudolph, John F. Burkhardt, and Elmer Edwin Golock (collectively Claimants), all former employees of USX, unemployment compensation benefits based on their sufficient base-year wages pursuant to Sections 401(a) and 404 of the Unemployment Compensation Law (Law).[1]

The facts as found by the referee are as follows. All five Claimants were employed by USX between 1964 and 1985 and they were all hourly bargaining unit employees represented by Local 1397, United Steel Workers of America (Union). The negotiations discussed hereinafter were handled by a labor/management agreement between the Union and USX. The labor/management agreement contained a grievance procedure that provided for binding arbitration if a grievance could not be resolved by utilizing a four-step grievance procedure.

All Claimants had, at one point in time, been laid off by USX. Claimants later filed grievances maintaining that they should have been recalled to work during their layoffs, under the seniority provisions of the labor/management agreement. The Union and USX could not resolve the grievances at any of the first four steps, and the grievances were submitted to binding arbitration on October 23, 1984 pursuant to the labor/management agreement. On February 11, 1986, the arbitrator issued a decision and award in favor of the Union, granting Claimants back pay for the layoff periods as well as

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§801(a), 804.

credit toward their seniority. All federal, state, local and other taxes were withheld and/or paid by USX on the back pay awards, and the awards were treated as regular wages. Claimants, however, actually received this back pay in lump sum payments in April of 1986. Several of the Claimants had collected unemployment compensation during weeks that the arbitrator held that they should have been working. USX therefore reduced their back pay checks by the amount of unemployment benefits they received during the weeks covered by the back pay awards.

Claimants each filed an application for unemployment benefits. The Office of Employment Security (OES) counted Claimants' back pay as "paid" when it was actually paid and given into Claimants' possession, April 1986, thereby reducing the amount of wages in Claimants' base-year and denying Claimants' benefits.[2]

On appeal, the referee applied Claimants' back pay awards to the quarter in which they should have been working. This action, of course, increased Claimants' base-year wages, making them eligible for benefits. On April 10, 1987, the Board affirmed the referee's decisions. These appeals ensued.[3]

The sole issue before this Court is whether Claimants' back wages should be allocated to the quarter in which the wages were actually received by Claimants, or, to the quarter in which the Claimants worked to earn it.

---

[2] The "base-year" consists of the first four of the last five complete calendar quarters as measured from the date of Claimants' application for benefits. Section 4(a) of the Law, 43 P.S. §753(a).

[3] Due to the legal and factual proximity of the Claimants' cases, they have been consolidated for presentation to this Court. Claimants are the intervenors in this case and have accordingly filed a brief. Respondent, the Unemployment Compensation Board of Review, has elected not to file a brief.

This issue is controlled by our Supreme Court's decision in *Cugini v. Unemployment Compensation Board of Review*, 511 Pa. 264, 512 A.2d 1169 (1986) (plurality opinion). In *Cugini,* the claimant was entitled to severance wages in January, 1983. The employer filed for bankruptcy in February, 1983 and payment to the claimant was delayed until August, 1984.

In *Cugini,* the Board had concluded that wages must be credited to the quarter in which wages are actually paid. The Board based its decision on Section 4(x) of the Law,[4] which defines wages as "remuneration paid." The Board's decision construed the Law literally such that a claimant must actually receive possession of the money or payment due, before it can be counted in his base-year.

In reversing the Board, our Supreme Court held that the Board had failed to apply its own regulation,[5] namely, 34 Pa. Code §61.3(a), and that it had failed to carry out the humane and liberal purpose of the Law. Regulation §61.3(a) provides:

*Wages*

(a) *Date of Payment.* Wages shall be deemed to be paid on the day on which amounts definitely assignable to a payroll period are generally paid by the employer, *even though the wages have not actually been reduced to the possession of employes.* (Emphasis in original.)

The *Cugini* court interpreted this regulation to mean that back pay should be treated as "paid" when it was actually earned by the claimants, in that case, in January 1983. The court expressly rejected the proposi-

---

[4] 43 P.S. §753(x).

[5] We note that this regulation is an Office of Employment Security regulation.

tion that back pay can be counted as base-year wages only when actually received. The court reasoned that:

> [T]he remedial purposes of the [Unemployment Compensation] Act [is] to insure that employees who become involuntarily unemployed are provided some semblance of economic security. Such remedial legislation must always be interpreted so that the benefit sections are liberally and broadly construed to alleviate the distress of the involuntarily unemployed.

*Id.* at 272-73, 512 A.2d at 1173.

Applying this rationale to the facts of the case before us, we must hold that the wages should be allocated to the quarter in which the Claimants should have, by rights, worked to earn them. If, as USX asserts, "definitely assignable" referred to the date when the Claimants' entitlement to the wages was firmly established, the severance pay due to the claimant in *Cugini* would have been "deemed paid" on the date the bankruptcy court issued its final order. Instead, the court directed that the severance pay be treated as paid as of January, 1983, the time claimant had earned it and the wages would ordinarily have been paid.

Furthermore, to construe the regulation as USX proposes, would be to ignore the remedial purpose of the Law as stated by the *Cugini* court. To deny Claimants the right to have their back pay counted in the quarter in which they earned it and it should have been paid, would be to deprive them of benefits and to deprive them of economic security, two things which our unemployment compensation act seeks to protect against.

Accordingly, we must affirm the decision of the Board.

ORDER

NOW, December 13, 1988, the orders of the Unemployment Compensation Board of Review in the above-captioned matter are hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.