561 A.2d 858

**Jacob S. KAHN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 1989.

Decided July 20, 1989.

Joseph F. Kameen, Charles D. Onofry, Berger and Kameen, Milford, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, Maribeth Wilt–Seibert, Asst. Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal by Jacob S. Kahn (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which denied Claimant benefits on the basis of Section 404 of the Unemployment Compensation Law (Law).[1] Section 404 restricts the grant of benefits to individuals who have, *inter alia,* earned sufficient base year wages.

This case was originally heard before a referee who made findings of fact and concluded that Claimant had insufficient total base year wages and, accordingly, was ineligible to receive benefits. Claimant appealed the decision to the Board contending that certain portions of his income had not been considered by the referee. The Board accordingly granted a rehearing in the matter and directed that a hearing examiner take evidence on behalf of the Board. At the rehearing neither Claimant nor the employer appeared. Accordingly, the Board then issued its findings of fact based upon the evidence presented at the original hearing. The Board specifically determined that Claimant had established a base year consisting of all four quarters of 1987 and found the breakdown of his wages to be as follows:

3. The claimant, during his base year, earned the following wages:

| | | |
|---|---|---|
| First Quarter, 1987 | – Delaware Valley | $ 220.00 |
| | – New Jersey | $ 700.00 |
| Second Quarter, 1987 | – Delaware Valley | $ 25.00 |
| | – New Jersey | $4,188.00 |
| Third Quarter, 1987 | – New Jersey | $ 245.00 |
| Fourth Quarter, 1987 | – Parkside C | $ 554.00 |
| | – Delaware Valley | $ 280.00 |
| | – New York | $ 127.00 |

4. The claimant earned an additional $252.00 from New York that is not reflected in the above table. The claimant earned $168.00 in the first quarter of 1987 and $84.00 in the second quarter of 1987.

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 804.

5. The claimant had a high quarter of $4,297.00 and total base year wages of $6,591.00.

Board findings of fact 3–5.

The Board then observed that under Section 404(e) of the Law a claimant whose highest quarterly base year wages amount to $4,297.00 can qualify for benefits provided his total base year wages amount to at least $6,880.00. The Board observed that Claimant's total base year wages amounted to only $6,591.00 and, thus, concluded that he was ineligible to receive benefits. The Board further observed that Claimant was ineligible to receive benefits under the step-down provisions appearing in Section 404(a)(3) of the Law. Claimant appealed the Board's decision to this Court.

On appeal here Claimant does not dispute the amounts of money which appear in the Board's findings of facts 3 through 5. But, he contends that there should have been included in his base year earnings an additional sum of $774.72 which amount stems from a judgment Claimant obtained against a former employer (Ad/Vent) for commissions earned but *never paid*. A copy of the judgment was submitted to the referee at the hearing. At the hearing Claimant testified that he had received the judgment and also clearly testified that the judgment had not yet been paid to him. It is undisputed that Claimant's eligibility for benefits depends upon whether the sum of $774.72 is included in his base year wages.

The thrust of Claimant's argument is that while he had not received the sum at the time of the hearing, it is properly allocated toward the quarter in which the money would have been earned. Claimant relies upon *Cugini v. Unemployment Compensation Board of Review*, 511 Pa. 264, 512 A.2d 1169 (1986) (plurality opinion). In *Cugini* the Supreme Court held that wages should be treated, for purposes of Section 404, as paid when they were actually earned by a claimant. Claimant thus asserts that because the money in question was earned during the base year he

is entitled to receive unemployment compensation benefits. Unfortunately, we must disagree.

The one important fact which distinguishes Claimant's case from *Cugini* is that in *Cugini* the employees actually *received* the money due them. The question was simply to which quarter it should be allocated. Similarly, in *USX Corp. v. Unemployment Compensation Board of Review*, 122 Pa.Commonwealth Ct. 20, 551 A.2d 389 (1988), claimants were entitled to have backpay awarded to them by an arbitration award credited to the period in which they should have been paid the money initially. But, as in *Cugini*, the claimants had actually received the backpay and the question was to which quarter it should be allocated.

We note that Section 4(x) of the Law, 43 P.S. § 753(x), defines "wages" as "all remuneration ... *paid* by an employer to an individual ..." (emphasis added). Since the wages at issue here were admittedly not paid to Claimant, they cannot be included in Claimant's base year wages. This case is thus distinguishable from *Cugini* and *USX* and compels a contrary result.

Having determined that there is no evidence of record that Claimant ever received the $774.72 judgment, the Board's order ruling that Claimant was ineligible for benefits under Section 404 of the Law must be affirmed.

### ORDER

NOW, July 20, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

BARBIERI, Senior Judge, dissenting.

Most respectfully, I must disagree with the view of the majority that Claimant's earned income in the amount of $774.72 should be excluded from Claimant's earnings during

his base year, thereby depriving him of unemployment compensation benefits for lack of sufficient base year wages. Claimant did all in his power to collect these earnings and even reduced the amount to judgment in a court of law. Indeed, there are indications that Federal income taxes were paid on this sum. Failing to credit the Claimant his earned wages because the Employer does not choose to pay them is, in my judgment, placing in the hands of the Employer the power to defeat an otherwise just right to unemployment compensation benefits. Furthermore, we do not know at this point whether or not Claimant has collected on the judgment, or whether he will collect on the judgment in the future, but we certainly cannot say now that he will not collect on the judgment, so that at this point Claimant has established adequate base year wages.

I believe that this case could properly be decided as I have indicated under the authority of *Cugini v. Unemployment Compensation Board of Review*, 511 Pa. 264, 512 A.2d 1169 (1986) which holds that wages should be treated for the purpose of base year computations when actually earned by the claimant. As the Supreme Court pointed out in *Cugini* the Board's own regulation, 34 Pa.Code § 61.3(a) quoted in *Cugini*, reads as follows:

Wages

(a) Date of Payment. Wages shall be deemed to be paid on the day on which amounts definitely assignable to a payroll period are generally paid by the employer, *even though the wages have not actually been reduced to the possession of employees.* (Emphasis to Courts.)

Although the majority in this case distinguishes *Cugini* on the basis that the wages there were finally paid, there is no proof that I know of in this case which would indicate that the Claimant here has not or will not receive payment of these wages which now are in the form of a judgment against the Employer. In any event, Claimant can do no more than he has done to collect his earned wages. The

majority believes that the fact that actual payment was later made in *Cugini* provides a basis for distinguishing the case, but we must point out that this factor was not the basis for the *Cugini* decision. Rather, the basis for reversing this Court and ordering the payment of benefits in *Cugini* was stated by the Court as follows:

We recognize the remedial purposes of the Act to insure that employees who become involuntarily unemployed are provided some semblance of economic security. Such remedial legislation must always be interpreted so that the benefit sections are liberally and broadly construed to alleviate the distress of the involuntarily unemployed. More recently, in *Lopata v. The Unemployment Compensation Board of Review*, 507 Pa. 570, 493 A.2d 657 (1985), we restated the proposition that *unless the provisions of the law unmistakeably compel the conclusion that benefits are to be denied, a remedy is to be found consonant with the purposes of the law, i.e., the granting of compensation.* (Emphasis added.)

Indeed, the Supreme Court in *Cugini* simply did what I would do direct that the Board honor and apply its own rule. Rule 61.3(c) quoted above. The Court stated "... a straightforward application of the relevant rule would carry out the humane and liberal purposes of the Act."

Accordingly, contrary to the majority, I would hold the Board to comply with its own regulation and, therefore, I would reverse.[1]

---

**1.** In *USX Corporation v. Unemployment Compensation Board of Review*, 122 Pa.Commonwealth Ct. 20, 551 A.2d 389 (1988), Regulation § 61.3(a) was quoted and relied upon, rejecting employer's contention that wages may not be included in the base year computation unless paid in that year, this Court stated:

Furthermore to construe the regulation as USX proposes, would be to ignore the remedial purpose of the Law as stated by the Cugini court. To deny Claimants the right to have their back pay counted in the quarter in which they earned it and it should have been paid, would be to deprive them of benefits and to deprive them of economic security, two things which our unemployment compensation act seeks to protect against.