532 A.2d 54

Stanley Pisarek, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 18, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Lawrence Sager, Sager & Sager Associates,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, October 9, 1987:

This is an appeal by Stanley Pisarek, Jr. (Claimant) from a decision of the Unemployment Compensation Board of Review (Board) denying Claimant's request for benefits pursuant to Section 3 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752. We affirm.

Claimant was employed for thirteen years as a physician's assistant at the Birdsboro Medical Center (Employer) at a final rate of pay of approximately $350 per week.[1] On March 24, 1986, Employer discovered that Claimant was not certified as a physician's assistant as required by Pennsylvania law.[2] As a result thereof, Claimant was advised that as of March 28, 1986, he would no longer be working for Employer.

---

[1] For approximately ten years, Claimant was employed by the Birdsboro Medical Center which was owned by a physician. However, during his last three years of employment, the Birdsboro Medical Center was taken over by the Community General Hospital of Reading, Pennsylvania and Claimant continued to work at the Birdsboro Medical Center under its new ownership.

[2] Claimant does not dispute that the law requires him to have certification as a physician's assistant. See 49 Pa. Code §17.281 which provides: "The purpose of this subchapter is to implement Act 79 which amends the Act and provides for the certification of physician assistants . . .". Also see 49 Pa. Code §17.301 for criteria for certification as a physician assistant.

The referee awarded benefits to Claimant finding that Claimant was "[N]ever at any time during his thirteen years of employment . . . aware of any credentials, registration, certification or other requirement to work as a physician's assistant". Employer appealed the referee's determination. The Board reversed the referee and concluded that "The Claimant was aware that he was required to have proper certification"; and, therefore, Claimant was unemployed through his own fault pursuant to Section 3 of the Act.[3] It is from that decision and order that the present appeal arises.

The sole issue presented by Claimant on appeal is whether the Board's denial of benefits pursuant to Section 3 of the Act is erroneous.

Our scope of review is limited to a determination of whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Questions of credibility, evidentiary weight and inferences to be drawn from the evidence are for the Board to determine. *Gallagher v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977). Additionally, we must examine the testimony in

---

[3] The Board specifically noted in the "Discussion" section of its opinion that:

> [A]fter reviewing the record, we do not believe that the Referee's Finding No. 4 that the claimant had never been aware of the need for credentials, may be reconciled with the claimant's own admissions at the hearing. When asked by the Referee whether he knew that there were requirements for his job, the claimant replied, 'I suppose so', and then later stated, 'I just neglected it really', and further, 'I guess I got a little bullheaded about it'.

the light most favorable to the party who prevails below. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 355, 378 A.2d 829, 831 (1977).

> Section 3 of the Act relevantly provides:
> Economic insecurity due to unemployment is a serious menace to the health, morals and welfare of the people of the Commonwealth . . . security against unemployment in the spread of indigency can best be provided by the systematic setting aside of financial resources to be used as compenstion for loss of wages by employees during periods when they become *unemployed through no fault of their own* . . . The Legislature, therefore, declares . . . the compulsory setting aside of unemployment reserves to be used *for the benefit of persons unemployed through no fault of their own.* (Emphasis added.)

Thus, the objective of Section 3 is to aid those individuals who, through no fault of their own, become unemployed. On the other hand, Section 3 of the Act has also provided a basis for denying unemployment compensation benefits to those individuals who become unemployed due to some activity unrelated to their own work, but which bore upon that individual's fitness for employment. *Jones v. Unemployment Compensation Board of Review,* 513 Pa. 45, 49, 518 A.2d 1150, 1151-52 (1986).

In *Jones,* a school district was faced with the alternative of allowing a teacher uncertified to teach in Pennsylvania to remain employed and lose its state funds or to terminate the teacher. The district discharged the teacher for failure to obtain a Pennsylvania teaching certificate. The teacher argued that she was not at fault under Section 3 of the Act, and had made attempts to obtain a teaching certificate, but because she was working full time as a teacher in addition to attending to her

responsibilities as a wife and mother, she was unable to obtain the certificate. Our Supreme Court, affirming the decision of this Court, concluded that it was the teacher's *"freely made decision* to delay [obtaining the] teaching certificate". *Jones* at 52, 518 A.2d at 1153.[4]

In the case at bar, it is required by law that Claimant, as a physician's assistant, obtain certification from the state. Our review of the record reveals that the Board's finding that claimant was aware that he was required to obtain certification in order to work as a physician's assistant is supported by substantial evidence. Claimant testified with regard to the necessity of certification as follows:

Q: I know, sir, that's why I'm asking you. What was your state of mind, did you know that you were lacking some requirement that you had to have in order to continue working as a physician's assistant . . .

A: I suppose so.

Q: Then why didn't you keep it up?

A: I just neglected it, really. . . .

Q: Why did you neglect it?

A: I guess I got a little bullheaded on it, too.

----

[4] Section 3 cases have also involved the discharge of employees where possession of a valid operator's license was necessary in order to perform employment obligations and the employee loses that license for non-work related reasons. *See, e.g., Corbacio v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 70, 466 A.2d 1117 (1983); *Varmecky v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 640, 432 A.2d 635 (1981); *Huff v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 11, 396 A.2d 94 (1979), *aff'd,* 487 Pa. 448, 409 A.2d 854 (1980); and *Strokes v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 584, 372 A.2d 485 (1977).

Claimant further argues in his brief that Employer did not aid Claimant in obtaining certification by giving him time off, compensating him for tuition or otherwise aiding him financially or assisting Claimant in the registration and certification process. We must reject this argument. It was Claimant's responsibility to obtain certification. Furthermore, Claimant presents no evidence as to why he failed to obtain certification or as to whether he ever attempted to obtain the necessary certification. Therefore, we must conclude that because Claimant failed to obtain the necessary certification, he was not qualified for employment as a physician's assistant. Thus, he is unemployed through his own fault.

Accordingly, the order of the Board which denied Claimant benefits pursuant to Section 3 of the Act is affirmed.

ORDER

AND NOW, this 9th day of October, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.