PRIMECARE MEDICAL, INC., Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2000.
Decided Oct. 4, 2000.

Joshua D. Lock, Harrisburg, for petitioner.

Robin H. Grenoble, Harrisburg, for respondent.

BEFORE: SMITH, Judge,
FLAHERTY, Judge (P.), McCLOSKEY,
Senior Judge.

FLAHERTY, Judge.

Primecare Medical, Inc. (Employer) petitions for review from an order of the Unemployment Compensation Board of Review (Board) which granted Ricardo Jimenez (Claimant) unemployment compensation benefits pursuant to Sections 3 and 402(e) of the Pennsylvania Unemployment Compensation Law (Law).[1] We affirm.

The facts as found by the Board and not specifically challenged by Employer on appeal are as follows. Claimant was employed as a registered nurse with Employer and his last day of work was May 12, 1999. Claimant was assigned to work for Employer at the Berks County Prison in Leesport, Pennsylvania. At or near the time of hire, Claimant entered into an agreement with Employer under which Claimant was made aware that a nursing license valid for the State of Pennsylvania would be required for Claimant to maintain his employment. At that time, Claimant had only a temporary nursing certification that enabled Employer to utilize his services pending Claimant's passing of the Nursing Board Examination and receipt of his permanent license.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 752 and § 802(e).

Section 3 provides in pertinent part:
Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency falls with crushing force upon the unemployed worker.... Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed *through no fault of their own.* (Emphasis added.)

Section 402(e) provides in pertinent part:
"An employee shall be ineligible for compensation for any week-
(e) in which his unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his work...."

Claimant studied for his nursing license for six months, which is the length of time that most students study for the exam. During the time Claimant was studying for the exam, he was working forty-eight hours per week. Claimant studied for five hours each day, after his shift ended. Claimant sought advice from other nursing professionals who advised him to use the computer-based testing, which he did. Claimant also used study materials that were accredited and approved by the State Board of Nursing. In addition, Claimant took a twenty-four hour study course and took two weeks off from his employment to study for the exam.

In March 1998, Claimant was informed that he had not passed the Nursing Board Examination. Claimant would not be able to take the examination again until some time in June or July 1999. Claimant was not able to obtain an extension of his temporary license from the State Board of Nursing.

On May 12, 1999, Employer sent Claimant a letter informing him that he was discharged because he did not have a valid nursing license, which was a condition for continued employment. Claimant was not offered continuing employment in any other capacity by Employer.

Claimant applied for unemployment compensation benefits. The job center disapproved benefits pursuant to Sections 402(b)[2] and 402(e) of the Law. Claimant appealed and a hearing was conducted at which Claimant and two Employer witnesses appeared and testified. The referee reversed the job center and granted benefits pursuant to Section 3 and Sections 402(b) and 402(e) of the Law. Employer appealed to the Board. The Board remanded the matter to the referee pursuant to 34 Pa.Code § 101.104(c) for the express purpose of having specific questions answered for the Board to render an appropriate decision.[3] A remand hearing was conducted at which Claimant and two Employer witnesses appeared and testified. The Board affirmed the referee and granted Claimant benefits pursuant to Section 3 and Section 402(e) of the Law. The Board concluded that Section 402(b) was inapplicable and did not rule under that section of the Law. Employer's petition for review to this Court followed.

Employer raises two issues for this Court's review: whether the good faith/due diligence standard applied by the Board to Claimant's failure to acquire or maintain licensure, in its grant of benefits pursuant to Section 3 of the Law, is erroneous as a matter of law and whether the referee abused his discretion by refusing to admit testimony at the remand hearing which would have demonstrated that Claimant refused continuing employment.[4]

First, Employer argues that the Board erred as a matter of law when it applied a good faith/due diligence standard when granting Claimant benefits pursuant to Section 3 of the Law.[5] Employer contends

---

**2.** 43 P.S. § 802(b). Section 402(b) provides that "a claimant shall be ineligible for benefits for any week in which his unemployment is due to voluntarily terminating his employment without cause of a necessitous and compelling nature."

**3.** 34 Pa.Code § 101.104(c) provides in pertinent part that:

"...the Board may direct the taking of additional evidence, if in the opinion of the Board, the previously established record is not sufficiently complete and adequate to enable the Board to render an appropriate decision."

**4.** In unemployment compensation cases where both parties have submitted testimony and evidence our review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884 (Pa.Cmwlth.1998).

**5.** Employer does not argue that the Board erred in granting Claimant benefits pursuant to Section 402(e) of the Law. Therefore, review of Claimant's eligibility under Section 402(e) has been waived. *See Old Forge Bank v. Unemployment Compensation Board of Review*, 666 A.2d 761 (Pa.Cmwlth.1995).

that the Board focused unnecessarily on the attempt made by Claimant to pass the exam rather than the result, *i.e.* that Claimant failed the exam. Employer argues that the fault lies in failing the exam, despite the reason for the failure, and that because Claimant failed the exam he should be disqualified from receiving unemployment compensation benefits under Section 3 of the Law. Employer also contends that the Board has expanded existing caselaw by considering the good faith/ due diligence standard and this consideration is inimical to the purpose of the Law. The Board responds that Claimant's failure to pass the nursing exam, after making a good faith effort, was not voluntary and, therefore, his discharge for that failure was not due to his fault as required by Section 3 of the Law.

The relevant case law clearly holds that an employer must establish some fault on the part of an employee which would render the employee's unemployment "voluntary" under Section 3 of the Law. The Pennsylvania Supreme Court has held that fault involves a voluntary act to which blame attaches and connotes some causal connection between a claimant's voluntary action and his subsequent unemployment. *Jones v. Unemployment Compensation Board of Review*, 513 Pa. 45, 518 A.2d 1150 (1986). After review of the record we cannot conclude that Employer has established any fault on the part of Claimant.

Employer relies on the holdings in *Jones*, 513 Pa. at 45, 518 A.2d at 1150 and *Pisarek v. Unemployment Compensation Board of Review*, 110 Pa.Cmwlth. 222, 532

A.2d 54 (1987) in support of its argument.[6] We find these cases distinguishable. The claimant in *Jones* was a teacher and was required to take three classes to obtain a permanent teaching certificate by a certain date. The claimant freely made the decision to take only two of the three required classes when she was fully aware of the requirements. She was subsequently denied a teaching certificate because she had not completed the required course work. The reason's given by the claimant for failing to take the required classes were merely reasons of convenience for the claimant and the Pennsylvania Supreme Court concluded that it was claimant's fault that she was not issued the required certification.

The claimant in *Pisarek* was a physician's assistant and was required to be certified. The claimant was aware that he needed certification to continue his employment and that obtaining the certification was his responsibility. However, the claimant failed to obtain the certification and provided no reason why he failed or whether he even made any attempt obtain the necessary certification. This Court concluded that because he made no effort to obtain the required certification it was his fault that he was unemployed.

■ In the instant case, the Board's findings indicate that Claimant made a great effort in preparation for the nursing exam. He studied approximately five hours a day for six months before taking the exam. He sought advice from other

6. Employer also relies on this Court's holdings in *Adams v. Unemployment Compensation Board of Review*, 86 Pa.Cmwlth. 238, 484 A.2d 232 (1984), *Chacko v. Unemployment Compensation Board of Review*, 49 Pa. Cmwlth. 148, 410 A.2d 418 (1980) and *Hicks v. Unemployment Compensation Board of Review*, 34 Pa.Cmwlth. 352, 383 A.2d 577 (1978). However, these cases are inapplicable to Employer's argument. First, all three cases involve a denial of benefits pursuant to Section 402(e) of the Law. Employer's argument in this case involves Section 3 of the Law. Second, while each of the claimants in the cited cases was aware that a license was necessary for continued employment, just as Claimant in this case was aware, not one of those claimants took *any* steps to acquire the required license. This was the reason the Court denied benefits in those cases stating that the Court believe that the claimants' failure to make such an attempt constituted willful misconduct, whereas the failure to pass the examination in itself would not have been willful misconduct. In the instant case Claimant did take the required exam and made an extensive effort to prepare for the exam.

nursing professionals, he used computer-based testing, he used study materials that were accredited and approved by the State Board of Nursing, he took a twenty-four hour study course and he took two weeks off from his employment to study. Unfortunately, after all of his effort, he did not pass the exam. Certainly Claimant made an effort and did all that he thought necessary to pass the exam. The instant case is unlike the cases of *Jones* and *Pisarek*. There is no fault on the part of Claimant apparent in this case. The opposite is presented here. Claimant made an extensive effort to obtain his nursing license and this Court will not ignore the efforts made by Claimant to comply with the requirement that he obtain a nursing license.

■ We hold that the Board did not err as a matter of law when it considered whether Claimant had made a good faith effort or was diligent in his effort to pass the exam. Such a consideration is essential to determining whether Claimant was at all at fault in his failure, as required by Section 3 of the Law. Furthermore, this Court cannot conclude that such a consideration is inimical to the purpose of the Law when Section 3 of the Law expressly requires that there be fault on the part of a claimant in order for a denial of benefits.

Next, Employer argues that the referee abused his discretion by refusing to admit testimony of a witness at the Board ordered remand hearing which would have demonstrated that Claimant refused continuing employment. The Board responds that the referee did not abuse his discretion, but instead properly limited the testimony at the Board ordered remand hearing to the testimony requested in the Board's memorandum, and that Employer's offered testimony went beyond the scope of the remand memorandum.

■ The law is clear that the Board has discretionary power to remand a case to the referee for the taking of additional evidence if the Board determines that the record before it is inadequate for a proper resolution of the issues presented. *Hussar v. Unemployment Compensation Board of Review*, 61 Pa.Cmwlth. 28, 432 A.2d 643 (1981) and Section 504 of the Law.[7] Moreover, it has broad discretion to decide what issues will be addressed at the remand hearing. *Flores v. Unemployment Compensation Board of Review*, 686 A.2d 66 (Pa.Cmwlth.1996).

In this case the record indicates, that Employer had the opportunity to present the testimony of its witness at the first hearing. At that time Employer informed the referee that the person who had allegedly made an offer of alternate employment was on vacation and Employer was unable to produce that individual. (N.T. of June 10, 1999 at 7). However, Employer's witness went on to state that "Quite frankly, I think the other issue's clear and if you just want to just make it on the basis of the other issue...." (N.T. of June 10, 1999 at 7). There was no request by Employer for a continuance to produce this witness.

In *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 654 A.2d at 199 (Pa.Cmwlth.1995), a remand was ordered by the Board specifically to allow the claimant to testify with the benefit of counsel and to have counsel cross-examine the employer's witnesses. Previously, the referee had denied the claimant's request for a continuance to have her counsel present. At the remand hearing the employer presented direct testimony of a witness that had not been present at the first hearing. The claimant's counsel objected arguing such testimony was outside of the scope of the Board's remand. This Court concluded that the Board did not err in refusing to consider the testimony of the witness offered at the Board ordered remand hearing because it went beyond the scope of the remand.

■ Similarly, in this case we cannot conclude that the referee abused his dis-

7. 43 P.S. § 824.

cretion by not allowing the testimony of Employer's witness because such testimony went beyond the scope of the Board's remand order. Moreover, it appears as if Employer did not find that particular witness' testimony to be important at the time of the first hearing. It was not until Employer received an unfavorable decision that it deemed the witness' testimony to be important. To have allowed Employer to present the testimony of the witness at the Board ordered remand hearing would have been to allow Employer the proverbial second bite at the apple, something this Court does not allow. *See Emery Worldwide v. Unemployment Compensation Board of Review,* 115 Pa.Cmwlth. 554, 540 A.2d 988 (1988).

Therefore, for the foregoing reasons, we affirm the order of the Board granting benefits to Claimant.

### ORDER

AND NOW, this 4th day of October, 2000, the order of the Unemployment Compensation Board of Review at No. B–382155 dated October 21, 1999 is affirmed.

Judge SMITH dissents.