**Calvin R. FISHER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

**Anthony J. KAYDO, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 16, 1997.

Decided July 1, 1997.

John Stember, Pittsburgh, for petitioners.

Linda S. Lloyd, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, and FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented in this appeal is whether the Unemployment Compensation Board of Review (Board) properly determined that Calvin R. Fisher and Anthony J. Kaydo (Claimants) were not entitled to a remand hearing to show that they had received vacation monies that they claim should have been included in their base year.

Claimants appealed the orders of the Board that affirmed the decisions of the referee that Claimants were ineligible for benefits under Section 404 of the Unemployment Compensation Law (Law).[1] We reverse and remand.

Both Claimants were employed for over thirty years by Trinity Industries, Inc. (Employer) before the plant in which they worked was closed on May 5, 1995. Claimants filed an application for unemployment compensation benefits on May 5, 1996, but the Job Center denied benefits because Claimants did not have sufficient earnings in their base year of January 1, 1995 to December 31, 1995.[2] Claimants appealed and a hearing was held before a referee. Although neither Claimants nor Employer attended the hearing, two representatives of Local 3312 of the United Steelworkers of America (Union) appeared at the hearing on behalf of Claimants.[3]

The testimony of the Union representatives revealed that Employer and the Union had in effect a collective bargaining agreement while the plant in the Uniontown area was in operation. In early 1995, however, the Union learned that Employer planned to close this plant on May 5, 1995. Thereafter, the Union and Employer entered into negotiations over the terms of the shutdown of the plant. As a result of the negotiations, the parties entered into an alleged "shutdown" agreement (agreement). In support of the alleged agreement, the Union representatives produced an unsigned copy of the agreement at the hearing. The Union representatives testified that vacation pay earned in 1995 would have normally been payable in 1996 because vacation pay was based on work performed in the previous year. The agreement adjusted the normal procedure by providing that displaced employees would receive payment for any earned but unused vacation as well as any vacation earned in 1995 before shutdown.[4] Under the agreement, Claimants were eligible to receive 5/12 of their 1995 vacation pay because they worked until the plant closed in May 1995. The Union representatives also testified that Employer had advised the Union that the pro-rata vacation payments would be made within three weeks of the shutdown of the plant. Union representatives also presented written calculations to show the amounts they were to receive from Employer.

However, the referee found Claimants to be financially ineligible for benefits because Claimants had not yet received the vacation payments at the time of the hearing. Claimants then appealed to the Board. While their appeals were pending in September 1996, Claimants received their vacation payments. As a result, Union representatives sent a letter with accompanying documents to the Board explaining that Claimants had received the vacation pay and requesting a remand hearing at which the additional evidence could be presented.

Despite the letter from Union representatives, the Board affirmed the referee and

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804.

2. The "base year" consists of the first four of the last five completed calendar quarters immediately preceding the date of a claimant's application. Section 4 of the Law, 43 P.S. § 753.

3. The hearing held before the referee involved the consolidated cases of seven Trinity employees, including the two Claimants involved in the instant appeal.

4. Paragraph 4 of the purported agreement provided as follows:

> 4. *Vacation Pay*
> Employees will be paid for earned but unused vacation after termination plus a pro-rata amount of vacation for work performed in 1995 until their date of termination at a rate of 1/12 of their annual vacation for each full month worked during the current calendar year.

concluded that Claimants did not have sufficient earnings in their base year. In support of its decision, the Board made the following pertinent Findings of Fact:

4. Claimant's union representative states that a plant closing agreement was negotiated in which it was promised that claimants would be paid an amount of money attributable to vacation pay, which claimants would have received in 1996, had the plant not closed.

5. Claimant's union representative stated this amount was to be paid in late May 1995 to early June 1995.

6. Despite this alleged agreement, claimants have not been paid this money attributable to vacation.

. . . .

10. These base year wages do not include the money attributable to vacation pay since claimant did not receive this money in his base year.

Claimants' subsequent request for reconsideration was also denied by the Board and Claimants appealed. The appeals were then consolidated.

On appeal to this Court, Claimants argue that the Board erred by denying their request for a remand hearing at which Claimants would have shown that they received the pro-rata vacation pay. In support, Claimants point out that the Board's decision specifically stated: "Since claimant has not received this 'vacation pay' the Board cannot include it anywhere in claimant's base year wages." (Board's Decision, p. 2). The Board further held that the record was sufficiently complete to enable it to render a decision, that Claimants had received a "full and fair" hearing, and that Claimants had "not advanced good cause for the granting of a remand." (Board's Decision, p. 2). The Board counters with the argument that remand hearings are discretionary and are not required to establish unnecessary facts.

■ Under Pennsylvania law, the Board has the discretion to decide whether to grant a request for remand. Section 504 of the Law, 43 P.S. § 824. Therefore, we will not reverse a decision denying a request for remand absent an abuse of discretion. *Flores v. Unemployment Compensation Board of Review,* 686 A.2d 66, 75 (Pa.Cmwlth.1996) (citation omitted). However, a remand hearing is generally granted to allow a party the opportunity to present evidence not offered at the original hearing because it was not then available. *Id.*

In *Myers v. Unemployment Compensation Board of Review,* 65 Pa.Cmwlth. 175, 442 A.2d 28 (1982), the Board denied a request for a rehearing where a claimant alleged in a letter to the Board that additional evidence had come to light which had not been available at the time of the hearing before the referee. We held that the Board abused its discretion in failing to at least determine the validity of claimant's averments.

■ In the instant appeal, Claimants received the vacation pay while their appeals were pending before the Board. Claimants' Union representatives promptly sent a letter and supporting documents to the Board requesting a rehearing to introduce the new evidence. Although Claimants had evidence that they received the vacation pay, the Board denied benefits and specifically found that Claimants did not receive the vacation pay. Thus, the Board's decision rested squarely on the absence of the very same evidence that Claimants requested to introduce on remand. This was an abuse of discretion. This is not a case where Claimants had evidence in their possession but simply failed to introduce it before the referee. Rather, Claimants' additional evidence was previously unavailable due to the delayed actions of Employer. Instead of considering the additional evidence, the Board proceeded to render its decision as if such evidence never existed.

Moreover, the Board cannot ignore its own regulations. *See Cugini v. Unemployment Compensation Board of Review,* 511 Pa. 264, 512 A.2d 1169 (1986). 34 Pa.Code § 101.104(c) provides in pertinent part that:

The further appeal shall be allowed and additional evidence *required* in any of the following circumstances:

(1) Whenever the further appeal involves a *material point* on which the record below is silent or incomplete or appears to be erroneous.

(Emphasis added). Based on our review of the Board's decision, it is apparent that Claimants' receipt of the vacation pay was a "material point" because the Board's decision was based on the fact that Claimants did not receive such pay. Thus, the Board was required by its own regulations to grant the request for a remand in this case.

The Board contends that even if a remand was granted, it would be pointless because Claimants want to establish unnecessary facts. Although Claimants did in fact receive the vacation monies as the Board now concedes, the Board argues that Claimants still failed to prove when they "normally" would have received the vacation monies from Employer as required by *Cugini.* In *Cugini,* the Pennsylvania Supreme Court held that wages are to be counted in the quarter in which they are earned without regard to when they are actually received by a claimant. Cugini testified and his employer acknowledged that Cugini was entitled to severance pay, which would have been paid on January 10, 1983 under normal employer practices. However, the severance pay was delayed until 1984 because the employer filed for bankruptcy. The Board argued that the severance pay should be credited to the quarter in which such wages were actually received by the claimant. In reaching its decision, however, the Supreme Court rejected the Board's decision and interpreted 34 Pa.Code § 61.3(a)[5] to mean that the severance pay should have been treated as "paid" in January 1983, when it was actually earned by the claimant and "generally paid" by the employer rather than when it was received. *Cugini,* 511 Pa. at 269, 512 A.2d at 1171. *See Coates v. Unemployment Compensation Board of Review,* 676 A.2d 742 (Pa.Cmwlth. 1996) (holding that the Board erred in failing to assign a lump sum payment of accrued annual and sick leave to the period in which the employer was supposed to make the payments in accord with customary practice); *USX Corp. v. Unemployment Compensation Board of Review,* 122 Pa.Cmwlth. 20, 551 A.2d 389 (1988) (concluding that claimants were entitled to have their back pay counted in the quarter in which they earned it and it should have been paid).

The Board avers that Claimants should not be given a remand hearing to again try to prove that the "normal" receipt date for the vacation monies would have been in their base year of 1995. The Board's argument relies specifically on its finding that Claimants' union representative admitted that the vacation pay Claimants accumulated in 1995 would have been received in 1996 had the plant not closed. (Board's Decision, Findings of Fact No. 4). Claimants point out, however, that the Board's decision stated that Claimants were financially ineligible for benefits because Claimants had not received their vacation pay in their base year. (Board's Decision, Findings of Fact Nos. 6 and 10). Claimants argue that the Board's concession that Claimants have received the vacation pay turns the Board's former justification for denying a remand completely on its head. We agree.

Claimants are correct that the Board never made findings as to when the vacation monies were earned by Claimants and should have been paid. Rather, the Board determined that the vacation monies could not be included in Claimants' base year because they were never received. The Board claims that its decision clearly shows that it already determined the vacation monies were normally payable in 1996. However, the Board's argument fails to account for its finding that the amount was "to be paid in late May 1995 to early June 1995." (Board's Decision, Findings of Fact No. 5). The Board cannot now claim its decision was based on an issue that it never reached.

Moreover, the Board's argument would require us to infer that the Board made a credibility determination that the agreement

**5.** 34 Pa.Code § 61.3(a) provides:

*Wages*

(a) *Date of Payment.* Wages shall be considered to be paid on the day on which amounts definitely assignable to a payroll period are generally paid by the employer, even though the wages have not actually been reduced to the possession of employees.

was not legitimate or that the testimony of the union representatives was not believable. To make such an inference, we would be forced to choose between contradictory findings of fact. (Board's Decision, Findings of Fact Nos. 4 and 5). Such a determination is beyond our scope of review. *Chiango v. Unemployment Compensation Board of Review,* 33 Pa.Cmwlth. 610, 382 A.2d 789 (1978) (where there is conflicting testimony, it is the duty of the Board as the ultimate factfinder to resolve the conflict). Therefore, we must remand for a determination as to when the vacation monies were earned and should have been paid, in May/June 1995 or in 1996.

We accordingly vacate the decisions of the Board and remand for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 1st day of July, 1997, the orders of the Unemployment Compensation Board of Review in the above-captioned matters are hereby vacated and the cases are remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.