# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Zuraski, III,                        :
                          Petitioner          :
                                              :
            v.                                :       No. 1957 C.D. 2015
                                              :       Submitted:  April 1, 2016
Unemployment Compensation                     :
Board of Review,                              :
                          Respondent          :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER                    FILED:  June 1, 2016


Anthony Zuraski, III (Claimant) petitions for review of the Order of the Unemployment Compensation (UC) Board of Review (Board) that affirmed the UC Referee's (Referee) Decision finding Claimant ineligible for UC benefits pursuant to Section 402(e) of the UC Law[1] (Law) because he engaged in willful misconduct related to his work.  The Board also denied Claimant's request for a remand hearing to allow him to produce evidence because it concluded that Claimant did not have proper cause for not attending the first hearing.  On appeal,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e) (providing, in relevant part, that an employee is ineligible for UC benefits for any week the employee's "unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work").

Claimant argues that, because he was unrepresented, unemployed, and only 30 minutes late, the Board abused its discretion by not remanding the matter for a new hearing to allow Claimant to submit evidence that would justify his final absence from his position with Passavant Memorial Homes (Employer).[2] Discerning no error or abuse of discretion, we affirm.

Claimant worked as a residential assistant for Employer until his discharge on January 31, 2015 for absenteeism. Claimant filed a claim for UC benefits, which a local service center denied pursuant to Section 402(e) of the Law. Claimant appealed asserting that he could provide a physician's note to excuse his last absence from work and attaching a copy of the note to his appeal. (Claimant's Petition for Appeal, R. Item 5.) The matter was assigned to the Referee for a hearing. A hearing notice (Notice) was sent to the parties informing them that the hearing was at 10:00 a.m. on April 9, 2015. (Hearing Notice, R. Item 7.) Claimant did not appear at the hearing. The hearing commenced at 10:01 a.m., and the only evidence presented was that by Employer, which offered documentary evidence and the testimony of its Human Relations Director (HR Director). (Hr'g Tr. at 1, R. Item 8.) Following the testimony of HR Director and Employer's closing statement, the Referee closed the record. (Hr'g Tr. at 6.) Based on Employer's evidence, the Referee made the following findings of fact:

1. The claimant was employed by [Employer] as a Residential Assistant. His last day of work was January 31, 2015.

2. The employer maintains an attendance policy, of which the claimant was aware, which provides for the following progressive

---

[2] Employer has intervened in this matter, and the Board has not filed a brief.

2

steps: written warning; one-day suspension; three-day suspension; discharge from employment.

3. The claimant had an unsatisfactory attendance history and had progressed through all of the pre-discharge steps in the policy prior to the final incident which triggered his separation.

4. The claimant was placed on notice that his job was in jeopardy for attendance.

5. The final incident occurred for a call off on February 5, 2015 for which the claimant asserted that his dog had died.

6. The claimant did not provide any documentation to support this assertion.

7. The claimant's employment was terminated.

(Referee Decision, Findings of Fact (FOF) ¶¶ 1-7.) The Referee stated that "[C]laimant did not appear at the hearing to present testimony or evidence" but that Claimant did "arrive[] after the hearing record had been closed, incorrectly believing that the hearing was to begin at 10:30 [a.m.]" (Id. at 2.) The Referee held that Employer had the right to expect that its employees be regular and punctual in their attendance, Claimant had been warned that his job was in jeopardy due to his attendance issues, and, as such, "it became particularly important that the claimant strictly adhere to reasonable employer expectations." (Id.) The Referee held that Claimant did not comply with Employer's reasonable expectations and was disqualified from receiving benefits under Section 402(e) of the Law.

Claimant appealed to the Board, arguing, *inter alia*, that, in addition to his dog dying, he was sick on the morning he called off and had a physician's note excusing him from work. (Claimant's Petition for Appeal to the Board, R. Item

3

10.) Claimant apologized for being late for the first hearing and requested an opportunity to present evidence to prove his claims. (Id.)

The Board denied Claimant's request for a remand indicating that his misreading the Notice was not legally sufficient to qualify as proper cause for a remand hearing. The Board noted that "[C]laimant did not assert that the [N]otice was incorrect or misleading, only that he misread it." (Order.) Reviewing the evidence presented at the hearing, the Board concluded that the Referee's Decision was proper under the Law and that "the Board does not find credible evidence in support of the [C]laimant's justification for his final absence." (Id.) Accordingly, the Board "adopt[ed] and incorporate[d] the Referee's findings and conclusions" into its Order and affirmed. (Id.) Claimant now petitions this Court for review.[3]

On appeal, Claimant argues that the Board erred in finding that there was no credible evidence in support of Claimant's justification for his last absence. Claimant argues generally that because Claimant was unrepresented and unemployed, it was an abuse of discretion for the Board not to remand and open the record so Claimant could present his physician's note excusing him from work

---

[3] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014). "The Board's findings are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support the findings." Western and Southern Life Ins. Co. v. Unemployment Comp. Bd. of Review, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006). Substantial evidence is "such relevant evidence which a reasonable mind would accept as adequate to support a conclusion." Id. This Court is bound "'to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony'" to determine if substantial evidence exists for the Board's findings. United States Banknote Co. v. Unemployment Comp. Bd. of Review, 575 A.2d 673, 674 (Pa. Cmwlth. 1990) (quoting Taylor v. Unemployment Comp. Bd. of Review, 378 A.2d 829, 831 (Pa. 1977)).

4

on February 5, 2015. Claimant does not argue that the death of his dog justifies his absence. Employer responds that Claimant's negligence in reading the Notice does not constitute proper cause for not attending the first hearing and warrant a remand hearing. Employer further argues that the findings of fact in this matter are supported by substantial evidence and support the conclusion that Claimant was discharged for willful misconduct in connection with his work.

We first address the Board's denial of Claimant's request for a remand hearing. Pursuant to Section 504 of the Law, 43 P.S. § 824, "the Board has the discretion to decide whether to grant a request for remand." Fisher v. Unemployment Comp. Bd. of Review, 696 A.2d 895, 897 (Pa. Cmwlth. 1997). Section 101.24(a) of the Board's regulations state that

> [i]f a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause" the case shall be reopened.

34 Pa. Code § 101.24(a). We have previously stated that "[w]e do not believe it necessary to remand a case . . . where . . . the . . . explanations for [a party's] failure to appear do not rise to the level of 'proper cause' as a matter of law." Sanders v. Unemployment Comp. Bd. of Review, 524 A.2d 1031, 1033 (Pa. Cmwlth. 1987). "[W]e will not reverse a decision denying a request for remand absent an abuse of discretion." Fisher, 696 A.2d at 897.

A claimant who misses a hearing due to negligently misreading a hearing notice does not have "proper cause" for not attending that hearing. Savage v. Unemployment Comp. Bd. of Review, 491 A.2d 947, 949-50 (Pa. Cmwlth. 1985). Claimant does not argue that he did not receive the Notice or that the Notice was

5

difficult to read or misleading. Rather, he acknowledges that he misread the Notice and was late for the hearing. Although we are sympathetic to Claimant's situation, we cannot find that the Board abused its discretion in denying Claimant's request for a remand hearing under these circumstances. Id.

Where a party does not have proper cause for missing a hearing, the hearing is held and a decision may be based upon the evidence presented. Kelly v. Unemployment Comp. Bd. of Review, 747 A.2d 436, 439 (Pa. Cmwlth. 2000). Here, Employer argued it discharged Claimant for absenteeism in accordance with its policies and that Claimant's actions were disqualifying willful misconduct under Section 402(e) of the Law. Section 402(e) of the Law states that an employee is ineligible for UC benefits for any week where his discharge is "for willful misconduct connected with his work . . . ." 43 P.S. § 802(e). This Court has defined willful misconduct, in relevant part, as "the deliberate violation of [an employer's] rules" or "the disregard of standards of behavior which an employer can rightfully expect from his employee." Guthrie v. Unemployment Comp. Bd. of Review, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). "An employer has the right to expect that [its] employees will attend work when they are scheduled, that they will be on time and that they will not leave work early without permission." Fritz v. Unemployment Comp. Bd. of Review, 446 A.2d 330, 333 (Pa. Cmwlth. 1982). "If the employer alleges willful misconduct because the claimant violated a work rule, the employer must prove both the existence of the rule and its violation." Caterpillar, Inc. v. Unemployment Comp. Bd. of Review, 703 A.2d 452, 456 (Pa. 1997). A claimant must also be "made aware of the existence of the work rule." Bruce v. Unemployment Comp. Bd. of Review, 2 A.3d 667, 671 (Pa. Cmwlth. 2010).

6

The findings indicate that Employer had an attendance policy known by Claimant; Employer followed the progressive steps of its attendance policy with Claimant; Claimant knew that his job was in danger due to his attendance issues;[4] he called off work stating that it was due to the death of his dog; and he did not present documentation to support this reason. (FOF ¶¶ 2-6.) Under Employer's progressive discipline policy, the next step was Claimant's discharge, which Employer followed. A review of the record reveals that Employer presented credible evidence – HR Director's testimony and documentary evidence of its policies and Claimant's violations thereof – that supports these finding and the conclusion that Claimant's actions constituted willful misconduct under Section 402(e).

Employer having met its burden of proof, the burden shifted to Claimant to show that he had good cause for the conduct. McKeesport Hospital v. Unemployment Comp. Bd. of Review, 625 A.2d 112, 114 (Pa. Cmwlth. 1993). "A claimant has good cause if his or her actions are justifiable and reasonable under the circumstances." Docherty v. Unemployment Comp. Bd. of Review, 898 A.2d 1205, 1208-09 (Pa. Cmwlth. 2006). If a claimant had "good cause for the conduct, it was not willful misconduct." Rossi v. Unemployment Comp. Bd. of Review,

---

[4] Employer's policies provide a four-step progressive discipline process for attendance issues. Those steps are a written warning, a one-day suspension, a three-day suspension, and discharge. (Employer's Policy and Procedure, Ex. to Employer's Separation Information, R. Item 3.) When this last absence occurred, Claimant had already gone through the first three steps of progressive discipline and had been educated and trained on Employer's attendance policy. Employer and Claimant entered into a last chance agreement stating that another violation of the attendance policy would result in his discharge. (Last Chance Agreement, Ex. to Employer's Separation Information.) When Claimant was absent again in violation of the attendance policy, the fourth step of Employer's progressive discipline, discharge from employment, was implemented.

676 A.2d 194, 198 (Pa. 1996). Because Claimant did not attend the hearing, he did not present any evidence to justify his actions in calling off on February 5, 2015.[5]

Accordingly, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[5] Although Claimant now asserts and asserted in his appeal from the Notice of Determination that he called off because he was sick and attached a copy of a physician's note, both Claimant's and Employer's Questionnaires state that Claimant was absent due the death of his dog, and HR Director testified that Claimant called off because of the death of his dog. (Claimant's Questionnaire, R. Item 2; Employer's Questionnaire, R. Item 3; Claimant's Petition for Appeal; Hr'g Tr. at 5.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Zuraski, III, : 
                Petitioner : 
           : 
           v. : No. 1957 C.D. 2015
           : 
Unemployment Compensation : 
Board of Review, : 
               Respondent : 

## O R D E R

**NOW**, June 1, 2016, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge