# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lottie T. Raczkowski, : 
       Petitioner : 
           : 
   v. : No. 1551 C.D. 2018
           : Submitted: May 10, 2019
Unemployment Compensation : 
Board of Review, : 
       Respondent : 

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**     **FILED:  July 17, 2019**


Lottie T. Raczkowski (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that determined she was ineligible for unemployment compensation (UC) benefits pursuant to Section 402(e) of the UC Law (Law).[1]  Upon review, we affirm the Board's order.


## I.  Background

Claimant worked for Dollar Tree Stores, Inc. (Employer) as a part-time cashier from September 27, 2017 until December 10, 2017.[2]  She worked

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e) (relating to willful misconduct).

[2] The date of Claimant's last day of work is disputed on appeal.  Claimant contends the record reflects that her last actual day of work was December 22, 2017, see Certified Record, Item No. 3 at 2 (Employer Information), whereas Employer characterizes that date as Claimant's effective date of separation.  Referee's Hr'g, Notes of Testimony, 5/25/18, at 7.

approximately 20 hours a week. Under Employer's policy, an employee who failed to report to work for two consecutive shifts without notice has abandoned her employment. Claimant received a copy of this policy when hired.

Claimant did not report to work or notify Employer by calling off for scheduled shifts on December 13, 14, and 16, 2017. Employer treated Claimant's absence from her scheduled shifts as job abandonment under its policy and terminated Claimant's employment.

Claimant filed for UC benefits, which the local service center denied. The service center found Claimant failed to establish necessitous and compelling cause for voluntarily leaving her employment under Section 402(b) of the Law, 43 P.S. §802(b) (relating to voluntary quit). Claimant appealed and a referee hearing ensued. At the beginning of the hearing, the referee advised both parties of their right to counsel, the right to present testimony from witnesses and to submit other evidence, as well as the right to cross-examine the opposing party's witnesses. Claimant and Employer's store manager (Manager) both testified.

Claimant testified she last reported to work on December 23, 2017. She stated, "I did keep going back to see if I was on the schedule and I asked [Manager] if she needed me, and she said no, not this time." Referee's Hr'g, Notes of Testimony (N.T.), 5/25/18, at 5. Claimant recalled that when she returned to work on December 26, 2017, Manager explained that Employer reduced Claimant's schedule to one or two days a week and reassigned her hours for the rest of the month to other employees.

At the hearing, Claimant also offered a notarized affidavit signed by her daughter (Daughter) to support her testimony. It stated:

> I witnessed [Claimant] on two separate occasions be informed that there was no work for her yet while employed at Dollar Tree in Commerce Circle PA [zip code]. At no time did any management make it aware that [Claimant] had been fired when I was present for their conversations. I am willing to do a video conference at time of hearing.

Certified Record (C.R.), Item No. 10, Attachment 2 (Daughter's Affidavit).

In rebuttal, Manager testified that Claimant's last day of work was December 10, 2017. Manager recalled Claimant called off her scheduled shift on December 11, 2017. However, Claimant did not call off or show up for her other scheduled shifts on December 13, 14, and 16, 2017. Manager was aware Claimant was simultaneously working for another company, but insisted that she hired Claimant for her availability, understanding that her work for Employer would take priority. Manager explained that, under the policy, Employer deemed employees to have abandoned their jobs after absences for two consecutive shifts without notice. Manager believed Claimant's unreported absences constituted job abandonment. As a result, Manager gave Claimant's shifts to other employees.

After hearing the testimony, the referee applied Section 402(e) of the Law (relating to willful misconduct) instead of Section 402(b) of the Law (relating to voluntary quit), with consent from both parties. See N.T. at 9. The referee credited Manager's testimony, and she did not find Claimant's testimony credible. The referee determined Claimant did not offer any competent evidence to support

3

that Employer discharged her for lack of work. Relevant here, the referee found Claimant was absent for three consecutive shifts without notifying Employer. The referee concluded Claimant's absences without notice violated Employer's policy. As a result, the referee affirmed the denial of UC benefits as modified, reasoning Claimant disregarded Employer's standard of behavior and committed willful misconduct under Section 402(e) of the Law, 43 P.S. §802(e).

Claimant appealed to the Board, arguing Manager's testimony about Claimant's last day of work was inaccurate. Claimant maintained her last day of work was December 22, 2017. In support, Claimant emphasized that a witness (presumably Daughter) could confirm this date. Claimant asserted that when she returned to Employer's premises after Christmas, Manager explained Claimant's hours had been given to other employees. She averred Manager became upset with her for not working Christmas Eve. Claimant advised that with her 20 years of experience in retail, she knows the consequences for missing a shift without notice.

The Board affirmed the referee's decision, adopting and incorporating her findings and conclusions. The Board added Claimant failed to establish good cause for her unreported absences on December 13, 14, and 16, 2017. In addition, the Board interpreted Claimant's appeal as a request for a remand hearing to present additional witness testimony. The Board denied Claimant's request for a remand hearing, concluding that the hearing notice informed Claimant of her right to present witnesses at the hearing and that she did not establish good cause for violating the policy.

4

Claimant now petitions for review.[3]

## II.  Discussion

We discern the following arguments from Claimant's uncounseled brief: the Board applied the wrong section of the Law and burden of proof; the Board's findings are not supported by substantial evidence;[4] and the Board capriciously disregarded her testimony and evidence.  Additionally, Claimant argues the Board erred in denying her request for a remand hearing.

### A.  Burden of Proof

Claimant recalls that during the hearing, the referee placed the burden on her to prove she voluntarily terminated her employment because of a necessitous and compelling reason.  Claimant argues the referee erred by not placing the burden on Employer initially.

At the start of the hearing, the referee advised the parties Claimant had the burden of proving necessitous and compelling cause to leave her employment under Section 402(b) of the Law.  As the party with the burden of proof for a separation under that section of the Law, Claimant testified first.  However, after

---

[3] Our review is limited to determining whether the Board's findings were supported by substantial evidence, whether the Board committed an error of law, or whether constitutional rights were violated.  Dep't of Corr. v. Unemployment Comp. Bd. of Review, 943 A.2d 1011 (Pa. Cmwlth. 2008).

[4] In her brief, Claimant argues the Board erred in finding she voluntarily quit her employment without necessitous and compelling cause under Section 402(b) of the Law; however, we construe this as challenging substantial evidence for a finding of willful misconduct under Section 402(e) of the Law.

5

hearing testimony from both parties, and obtaining their consent, the referee considered the matter under Section 402(e) of the Law.

The referee's actions are consistent with the Board's regulation. Section 101.87 of the Board's regulations provides:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, <u>with the approval of the parties</u>, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

34 Pa. Code §101.87 (emphasis added).

Before the close of the hearing, the referee explicitly asked for consent from both parties to make her decision under either Section 402(b) or Section 402(e) of the Law. N.T. at 9. Claimant provided her verbal consent by responding, "Yes ma'am," and had no questions or objections to the referee's application of either section of the Law. <u>Id.</u> When requesting consent from both parties, the referee explained that Employer bore the burden of proving willful misconduct under Section 402(e) of the Law.

Although Claimant testified first, Employer ultimately bore the burden of proof under Section 402(e) of the Law. While recognizing the party with the burden of proof proceeds first and must produce sufficient evidence to make a *prima*

6

*facie* case, our Supreme Court has considered circumstances in which the tribunal alters the order of presentation. Vann v. Unemployment Comp. Bd. of Review, 494 A.2d 1081 (Pa. 1985). In Vann, the Court found "[t]he effect of the claimant's testimony remains the same whether presented before or after the employer's evidence." Id. at 1084-85.

Here, Claimant was afforded the opportunity at the hearing to present evidence regarding the cause of her separation from employment. Also, she did not allege any specific prejudice by the referee's consideration of Section 402(e) of the Law. Further, although the notice of hearing provided that Section 402(b) of the Law, relating to voluntary quit, was a "specific issue" to be considered on appeal, the notice stated that "other issues," like Section 402(e) of the Law, relating to willful misconduct, may also be considered. See C.R., Item No. 9, Attachment 1. Therefore, it cannot be said that Claimant was precluded from offering relevant evidence as to these noticed issues on the basis of surprise.

**B. Substantial Evidence**

Next, Claimant argues the Board's finding regarding her last day of work was not supported by substantial evidence. Claimant contends the record supports a finding that her last day of employment was December 22, 2017, not December 10, 2017. See C.R., Item No. 5, Attachment 1. Seemingly, Claimant argues this point in order to show she could not have abandoned her employment as she returned to work after December 11, 2017. However, she disregards that the Board credited Manager's testimony that Claimant last worked on December 10,

7

2017, and was absent without notice for three consecutive shifts thereafter. In short, the record reflects Claimant never worked after December 10, 2017.

Notably, Claimant offered no evidence at the hearing to refute Manager's testimony that she was scheduled for, and did not work or call off for shifts on December 13, 14, and 16, 2017. Although the Board did not make an additional finding that Claimant's last actual day of work differed from her effective date of separation, on appeal, it maintains that these dates were different. See Resp't's Br. at 7 n.2.

Under Section 402(e) of the Law, 43 P.S. §802(e), a claimant is ineligible for UC benefits when an employer discharges her for willful misconduct. Willful misconduct is defined as: (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect; or (d) negligence indicating an intentional or substantial disregard of an employer's interest or an employee's duties or obligations. Oyetayo v. Unemployment Comp. Bd. of Review, 110 A.3d 1117 (Pa. Cmwlth. 2015). A claimant's deliberate violation of an employer's reasonable policy may constitute willful misconduct under Section 402(e) of the Law. Chapman v. Unemployment Comp. Bd. of Review, 20 A.3d 603 (Pa. Cmwlth. 2011). However, the employer must first prove the existence of a work rule and the claimant's knowledge and violation of this rule. Halloran v. Unemployment Comp. Bd. of Review, 188 A.3d 592 (Pa. Cmwlth. 2018). If the employer satisfies its burden of proof, the burden then shifts to the claimant to prove she had good cause for her actions. Id. A claimant has good cause if her actions are justified and

reasonable under the circumstances. Kelly v. Unemployment Comp. Bd. of Review, 747 A.2d 436 (Pa. Cmwlth. 2000).

On appeal, Claimant does not dispute the existence or reasonableness of Employer's policy. Indeed, she acknowledges she previously followed the policy, and is aware of the consequences of a no show based on her retail experience.[5] Instead, she presents several unsubstantiated arguments.

For example, although Claimant does not contest she was absent on December 13, 14, and 16, she asserts, without citing any evidence, that she was not scheduled to work on the days in question. Also, while Claimant does not specifically contend that she notified Employer of her December 13, 14, and 16, 2017 absences, she relies on her history with Employer to show she would have provided notice in the instant matter. Claimant further argues Employer should have called her to inquire about her absences. However, there is no indication from the record that Employer had a progressive disciplinary structure.

As noted by our Court, briefs are not part of the record, and new factual assertions raised within them cannot be reviewed on appeal.[6] Sanders v. Workers'

_____

[5] Claimant contends she always notified Employer of her absences in the past and never had an issue in complying with this policy. She reasons if she had "properly called out on December 11, why would she not also call out the next few days?" Pet'r's Br. at 11.

[6] In her brief, Claimant also presents dialogue of alleged conversations with Manager about her employment, motivations for obtaining a second job at Target, allegations that Manager retaliated against Claimant because she did not work on Christmas Eve, and additional facts concerning the circumstances that led to the termination of her employment. Pet'r's Br. at 7, 9, 11. Unfortunately, none of these assertions are reviewable on appeal. See Sanders v. Workers' Comp. Appeal Bd. (Marriott Corp.), 756 A.2d 133 (Pa. Cmwlth. 2000).

9

Comp. Appeal Bd. (Marriott Corp.), 756 A.2d 133 (Pa. Cmwlth. 2000). The arguments Claimant raises are not substantiated by any evidence of record. Consequently, we do not consider them.

In addition, misunderstanding the burden of proof, Claimant argues Employer did not submit any evidence of terminating her employment. However, Employer established Claimant violated its policy regarding consecutive absences without notice. A substantiated violation of a reasonable policy without good cause constitutes willful misconduct. Oyetayo.

Based on the credited testimony of Employer's witness,[7] the Board found Employer's policy treated two consecutive absences without notice as job abandonment. The Board found that Claimant did not notify Employer of her absences from her three remaining shifts that week. Claimant did not rebut Employer's testimony that Claimant was absent from work without notice on December 13, 14, and 16, 2017.

---

[7] In UC proceedings, the Board is the ultimate fact finder with exclusive powers to resolve all conflicts in evidence, witness credibility, and weight accorded to the evidence. Dumberth v. Unemployment Comp. Bd. of Review, 837 A.2d 678 (Pa. Cmwlth. 2003) (en banc). In making credibility determinations, the Board "may accept or reject the testimony of any witness, in whole or in part." McCarthy v. Unemployment Comp. Bd. of Review, 829 A.2d 1266, 1270 (Pa. Cmwlth. 2003). Simply because one party views testimony differently than the Board, or produced witnesses who gave a different version of the events is not grounds for reversal if the facts found are supported by substantial evidence. Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106 (Pa. Cmwlth. 1994). The Board's findings remain conclusive on appeal so long as they are supported by substantial evidence, which is evidence that a reasonable mind might find adequate to support a conclusion. Grieb v. Unemployment Comp. Bd. of Review, 827 A.2d 422, 42 (Pa. 2003). To determine whether substantial evidence exists, we afford the party prevailing before the Board the benefit of all logical and reasonable inferences which can be drawn from the evidence. Tapco.

The burden then shifted to Claimant to prove good cause. <u>Halloran</u>. However, Claimant does not provide <u>any</u> evidence of good cause for violating Employer's policy. Therefore, Claimant did not meet her burden of proof, and the Board's decision is supported by substantial evidence.

## C. Capricious Disregard

Claimant also argues the Board capriciously disregarded her evidence, specifically, her testimony and Daughter's Affidavit. Yet, Claimant's evidence did not directly contradict Employer's evidence that she violated its policy. Nor did Claimant's evidence show that she had good cause for her actions.

Although Claimant maintains she was not scheduled to work on December 13, 14, and 16, 2017, and was "never a no call no show," Pet'r's Br. at 4, our careful review of the hearing transcript does not reflect that Claimant testified to these facts. Rather, Claimant testified she kept returning to work to see if there were available shifts, only to find Manager had given her shifts to other employees. N.T. at 4-6. Daughter provided a near identical statement in her affidavit. As such, this evidence does not address Claimant's alleged failure to report to work for three consecutive scheduled shifts in violation of Employer's policy.

In sum, the Board did not disregard Claimant's evidence, rather it did not credit her evidence. Such credibility determinations are not reviewable on appeal. <u>McCarthy v. Unemployment Comp. Bd. of Review</u>, 829 A.2d 1266 (Pa. Cmwlth. 2003).

## D. Due Process

11

Lastly, Claimant insists that the Board's denial of her request for a remand hearing was a violation of her due process rights. She argues a remand hearing is necessary to present additional witnesses and other evidence to prove "that she was not a 'no call no show'" and that she "worked after the 'supposedly scheduled days' on December 13, 14, and 16." Pet'r's Br. at 9, 10.[8]

Our decisional law is well settled that the essential elements of due process in an administrative proceeding are notice and the opportunity to be heard. McFadden v. Unemployment Comp. Bd. of Review, 806 A.2d 955 (Pa. Cmwlth. 2002). In the context of a Board proceeding, due process also includes the right to request oral argument, the granting of which is discretionary, and the opportunity to file a brief. Id.

Here, the referee, in accordance with 34 Pa. Code §101.21(a),[9] advised Claimant of her rights at the beginning of the hearing:

> R[:] As explained in the hearing [n]otices, the parties have the right to be represented by an attorney or other advisor, the right to present testimony, witnesses, and other evidence on their own behalf, the right to ask questions of their own witnesses and the right to cross-examine the witnesses of the opposing party. This is when the [sic] – yes, is the Claimant aware of these rights?

---

[8] Although Claimant did not explain this argument in her petition for review, she handwrote "remand" following the title "Petition for Review," which indicates a request for remand. See Ancillary Petition for Review filed 11/28/18.

[9] A referee is required to advise an uncounseled claimant of her rights, aid her in examining and cross-examining witnesses, and give her every assistance compatible with the impartial discharge of the referee's official duties. 34 Pa. Code §101.21(a).

C[:] Yes.

N.T. at 1-2.

An unrepresented claimant is entitled to assistance from the fact finder in the development of her case; however, the referee is not required to assume, nor should assume, the role of advocate on the claimant's behalf. McFadden. Although Claimant was aware of the option to cross-examine Employer's witnesses, she did not ask Manager any questions. Claimant did not exercise her right to develop the record on relevant issues at the hearing through her own testimony or other witnesses.

Further, and of particular import here, Claimant does not explain why she could not have presented her evidence at an earlier stage, consistent with the instructions for requesting reconsideration. Claimant does not argue that any of her witnesses would provide testimony concerning "essential" information, necessary to make a "proper determination of the case." 34 Pa. Code §101.23(b). As correctly noted by the Board, Claimant did not even identify the witnesses she intended to present. Accordingly, Claimant did not establish proper cause for a remand hearing under Section 101.23 of the Board's regulations. 34 Pa. Code §101.23(a).

Moreover, absent an abuse of discretion, we will not reverse a Board's decision denying a request for remand. Fisher v. Unemployment Comp. Bd. of Review, 696 A.2d 895 (Pa. Cmwlth. 1997). Under these circumstances, when the referee advised Claimant of her rights, and Claimant had notice and opportunity to

13

present witnesses at the referee's hearing, we discern no abuse of discretion in the Board's denial of the request for a remand hearing.

### III. Conclusion

Accordingly, we affirm the Board's order.

---

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lottie T. Raczkowski,            :
               Petitioner     :
                               :
         v.                   :    No. 1551 C.D. 2018
                               :
Unemployment Compensation     :
Board of Review,               :
                Respondent    :

## **O R D E R**

**AND NOW**, this 17th day of July 2019, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

 

                                  _____
                                  ROBERT SIMPSON, Judge